**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **CLAYTON PHILLIP HOLT,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No. 5:21-cv-00337-CHW** |
| | : | |
| **COMMISSIONER OF** | : | **Social Security Appeal** |
| **SOCIAL SECURITY** | : | |
| | : | |
| **Defendant.** | : | |

## <u>ORDER</u>

Before the Court is Plaintiff's motion for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 20). The Commissioner agreed that Plaintiff was entitled to attorney's fees but objected to a large portion of the requested fees. (Doc. 22). Plaintiff did not reply to the Commissioner's objections.

Plaintiff requests attorney's fees in the amount of $13,634.78 for 10 hours of paralegal work and 55.4 hours of attorney work; expenses in the amount $24.52; and costs in the amount of $402.00. (Doc. 20). Plaintiff's fee calculations appear to comport with the Court's formula established in *Hartage v. Astrue*, No. 4:09-cv-48, 2011 WL 1123401 (M.D. Ga. 2011). The Commissioner has objected to specific tasks, including 25 hours of attorney work, which would reduce the total award by $6,778.75. (Doc. 22). The disputed time covers fees for non-compensable work and attorney time to review the record, which the Commissioner labels excessive. (*Id.*)

The Court agrees that Plaintiff requests non-compensable fees and that portions of the attorney work appear excessive, but the Court does not find that all the Commissioner's suggested reductions are warranted. The August 4, 2021 paralegal entry for initially reviewing the record is compensable and not the type of solely clerical review that other courts have excluded from fee

awards.[1] Only 11.1 hours[2] of the cited 51.1 hours of attorney work for reviewing the record and drafting Plaintiff's brief and reply appear excessive. The remaining 40 hours for review and drafting are reasonable, especially considering that the transcript in this case consisted of nearly 4,000 pages. Therefore, reducing Plaintiff's attorneys' fee award by $3,496.99 ($914.35 plus $2582.64) is appropriate.

Plaintiff's motion (Doc. 20) is **GRANTED** with the above-noted exceptions. It is hereby **ORDERED** that Plaintiff is awarded **$10,137.99** in attorney's fees under the EAJA, expenses in the amount of **$24.02**, and costs in the amount of **$402.00**. The fee award should be made payable to Plaintiff directly. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).

**SO ORDERED**, this 4th day of August, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

---

[1] This changes the fees for non-compensable tasks from $962.35 to $914.35.
[2] Fees for 11.1 hours from 2022 equal $2582.64. This total represents the entries from 2/4/22 (0.5 hour), 4/15/22 (8.6 hours), 4/21/22 (1.0 hour), 4/21/22 (0.3 hour), 5/24/22 (0.2 hour), 5/31/22 (0.3 hour), and 5/31/22 (0.2 hour). (Doc. 22, p. 7).