IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| C.P.H., | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | No. 5:21-cv-00337-CHW |
| | : | |
| **COMMISSIONER OF** | : | Social Security Appeal |
| **SOCIAL SECURITY,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

### ORDER

Before the Court is Plaintiff's motion for attorney's fees filed pursuant to the Social Security Act, 42 U.S.C. §§ 206(b) and 406(b). (Doc. 25). The Commissioner did not file a response to the motion. As explained below, Plaintiff is awarded $11,188.50 in attorney's fees.

On March 22, 2023, the Court remanded Plaintiff's case back to the Commissioner. (Doc. 18). Plaintiff sought attorney's fees under the Equal Access to Justic Act (EAJA), 28 U.S.C. § 2412(d). (Doc. 20). The Court awarded Plaintiff $10,137.99 in attorney's fees. (Doc. 23). Following remand, Plaintiff's claim was granted, and he received, past due benefits. *See* (Doc. 25-3). The agency withheld 25%, or $18,388.50, from his past due benefits for his legal expenses. (*Id.*, p. 2). A hearing level representative fee was approved and paid in the amount of $7,200. Plaintiff now seeks $11,188.50 in attorney's fees under 42 U.S.C. §§ 206(b)(1) and 406(b)(1), an amount which equals $18,388.50, minus $7,200 already paid to fulfill a hearing level representative's fee agreement. (Doc. 25-1, ¶¶ 5-7; Doc. 25-2, p. 2). The motion requests fees for 65.4 hours of work, which is the same time submitted in support of the EAJA fees motion. (Docs. 20, 25).

1

Under 42 U.S.C. § 406(b), an award of attorney's fee is authorized "where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d, 1273, 1277 (11th Cir. 2006). The statute provides that the district court may award a reasonable contingency fee for successful representation of a claimant in a Social Security appeal, provided that the amount does not exceed 25% of the total past due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1). Where EAJA fees have been awarded and counsel subsequently seeks fees under § 406(b), the amount of the EAJA award must either be repaid to the claimant or offset from the fees received under § 406(b). See *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271-72 (11th Cir. 2010). The requested net amount complies with *Jackson* because counsel will repay the claimant the amount of the EAJA award.

When deciding Plaintiff's request for a § 406(b) fee award, the Court must "determine 'whether the fee sought is reasonable for the services rendered.'" *Jackson*, 601 F.3d at 1271 (quoting *Gisbrecht*, 535 U.S. at 807). Here, the fee award requested by counsel falls within the 25% limit under § 406(b) and reflects counsel's fee agreement with Plaintiff. (Docs. 25-2, 25-3). The Court notes that the current motion includes time that the Court discounted in its order awarding fees under EAJA (Doc. 23), but even if the court made similar reductions here, the time expended by counsel was reasonable and supports the expertise likely required to obtain the benefits received by Plaintiff. It also reflects the contingent nature of the fee and the risk of an unsuccessful proceeding. The Commissioner did not object to the motion. In light of these factors, the 25% contingency fee and the fees sought are reasonable.

Plaintiff's motion for attorney's fees (Doc. 25) is hereby **GRANTED** and it is **ORDERED** that Plaintiff's attorney be awarded $11,188.50 from Plaintiff's past due benefits in attorney's fee pursuant to 42 U.S.C. § 406(b). It is further **DIRECTED** that Plaintiff's counsel refund to Plaintiff the Court's prior award of $10,137.99 in attorney's fees as required by the EAJA.

**SO ORDERED**, this 4th day of September, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge